1
2
3
4

**THE WAND LAW FIRM, P.C.**
Aubry Wand (SBN 281207)
400 Corporate Pointe, Suite 300
Culver City, CA 90230
Telephone: (310) 590-4503
Facsimile: (310) 590-4596
E-mail: awand@wandlawfirm.com

5
6
7
8

**FARUQI & FARUQI, LLP**
Timothy J. Peter (*pro hac vice forthcoming*)
1617 JFK Boulevard, Suite 1550
Philadelphia, PA 19103
Telephone: (215) 277-5770
Facsimile: (215) 277-5771
E-mail: tpeter@faruqilaw.com

9
10

*Attorneys for Plaintiff and the Putative Classes*

11

**UNITED STATES DISTRICT COURT**

12

**EASTERN DISTRICT OF CALIFORNIA**

13

14
15

JOAN LONG, on behalf of herself and all
others similarly situated,

16

                    Plaintiff,

17

        v.

18

SWIFT RESPONSE, LLC, a limited liability
company; and DOES 1 through 10, inclusive,

19

                    Defendants.

20
21
22
23

CASE NO.:

**CLASS ACTION COMPLAINT**

1.  Violation of California Consumers
    Legal Remedies Act
2.  Violation of California False
    Advertising Law
3.  Violation of California Unfair
    Competition Law
4.  Breach of Express Warranty
5.  Intentional Misrepresentation
6.  Negligent Misrepresentation
7.  Unjust Enrichment

**DEMAND FOR JURY TRIAL**

24
25
26
27
28

Plaintiff Joan Long ("Plaintiff"), on behalf of herself and all others similarly situated, brings this class action against Defendant Swift Response, LLC and Does 1 through 10 ("Defendant" or "Swift"), based on Swift's false and deceptive advertising and labeling regarding its Flex Tape product. Plaintiff makes the following allegations based on the investigation of her counsel, and on information and belief, except as to allegations pertaining to Plaintiff individually, which are based on her personal knowledge.

## INTRODUCTION

1.      This case is predicated on a systemic course of false, misleading, and unlawful conduct: Swift has falsely and deceptively represented certain characteristics about Flex Tape—its most popular adhesive in the Flex Seal line of products. In particular, Swift has aggressively touted Flex Tape as waterproof tape that works underwater.

2.      However, when consumers like Plaintiff attempt to use the Flex Tape underwater, or to simply seal out water, the product only weakly bonds to the surface, and even then, it does so for a minimal period of time before falling or peeling off the surface, or losing its ability to act as a seal against water. In short, Flex Tape is not waterproof, does not work underwater, and does not competently act as a seal against water for a meaningful period of time, as advertised.

3.      Plaintiff and other consumers purchased the Flex Tape based on the reasonable belief that it worked underwater and that it acted as an effective and functional seal against water. Had Plaintiff and other consumers known the truth—i.e., that Flex Tape does not work underwater and does not effectively seal out water—they would not have purchased it or they would have paid less for it. Thus, Plaintiff and other consumers have suffered economic injury as a result of Swift's false and deceptive Waterproof Claims.[1] Plaintiff and other consumers have also suffered a financial injury in the form of paying a price premium that the Flex Tape commands in the market as a result of its claims about being waterproof and an effective and functional seal against water.

4.      Plaintiff seeks relief in this action individually, and on behalf of all other similarly situated individuals who purchased Flex Tape during the statute of limitations period, under

---

[1] The term "Waterproof Claims" is defined more specifically at paragraphs 16-17.

CLASS ACTION COMPLAINT

several consumer protection statutes (California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*, California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*, California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200), and common law claims (breach of express warranty, intentional and negligent misrepresentation, and unjust enrichment).

**JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because this is a class action filed under Rule 23 of the Federal Rules of Civil Procedure, there are thousands of proposed Class members, the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs, and Swift is a citizen of a state different from at least some members of the proposed Class, including Plaintiff.

6.      This Court has personal jurisdiction over Swift because Swift has sufficient minimum contacts in California, or otherwise intentionally avails itself of the markets within California, through its sale of the goods and products in California and to California consumers.

7.      Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Plaintiff resides in this District and she purchased the Flex Tape in this District within the statute of limitations period.

**PLAINTIFF**

8.      Plaintiff is a citizen of the United States and the State of California and she currently resides in Anderson, California, which is located in Shasta County.

9.      In or around October 2021, Plaintiff purchased Flex Tape from Ace Hardware in Anderson, California. Plaintiff purchased Flex Tape after viewing an infomercial for Flex Tape, during which Swift represented that Flex Tape is a waterproof tape that can patch, bond, seal, and repair and instantly stop leaks. Moreover, at Ace Hardware, Plaintiff reviewed the label of Flex Tape, including the representations that the tape worked underwater and acted competently as a seal against water, at the time of purchase. Specifically, Plaintiff saw and relied on the claims made on the label of Flex Tape that it is waterproof tape, is Made in the USA, works underwater,

and stops leaks. As such, Plaintiff believed that the product was a high-quality American-made tape that is waterproof and acted competently as a seal against water. This belief was an important part of her decision to purchase the Flex Tape. After reviewing and following the instructions, Plaintiff attempted to use the Flex Tape to cover a crack at the bottom of a water tank, only for it to not work as a seal against water leaking from the tank, as Swift promised the Flex Tape can do. Indeed, water continued to drip from the crack in the tank after Plaintiff affixed the tape, and it fell off the surface not long after that. Plaintiff would not have purchased the Flex Tape had she known the truth—i.e., that the product does not work underwater and does not effectively act as a seal against water. Because the Flex Tape did not work as promised, Plaintiff suffered injury in fact and lost money as a result of Swift's misleading, false, unfair, and deceptive practices, as described herein.

10.     While Plaintiff currently believes that Flex Tape does not meet the Waterproof Claims, she lacks personal knowledge as to Defendant's specific business practices, leaving doubt in her mind as to the possibility in the future that Flex Tape could work underwater and act competently as a seal against water. Plaintiff's inability to rely on the truthfulness and accuracy of the Waterproof Claims with respect to Flex Tape, and her inability to verify the same absent actually purchasing the product, coupled with the fact that Plaintiff would like to purchase Flex Tape, is an ongoing injury to Plaintiff. In addition, Class members will continue to purchase Flex Tape, reasonably but incorrectly believing that they work underwater and act competently as a seal against water, absent an injunction. As such, injunctive relief requiring Swift to cease its false and deceptive labeling practices with respect to Flex Tape is necessary and appropriate.

**DEFENDANT**

11.     Defendant Swift is a Delaware corporation that maintains its principal place of business and headquarters in Weston, Florida. It markets, distributes, and sells Flex Tape throughout the State of California and the United States.

12.     The true names and capacities of Does 1 through 10, inclusive, are unknown to Plaintiff at this time, and Plaintiff therefore sues such Doe defendants under fictitious names. Upon information and belief, each Defendant designated as a Doe is in some manner highly

1 | responsible for the occurrences alleged herein, and Plaintiff's and Class members' injuries and
2 | damages, as alleged herein, were proximately caused by the conduct of such Doe defendants.
3 | Plaintiff will seek leave of the Court to amend this Complaint to allege the true names and
4 | capacities of such Doe defendants when ascertained.

5 | **FACTUAL ALLEGATIONS**

6 | 13.     Flex Tape is primarily sold through third-party retailers, including Costco, Lowe's,
7 | Walmart, Ace Hardware, CVS, Target, Home Depot, Bed Bath & Beyond, etc., and it has been
8 | sold in the State of California at all times during the statute of limitations period.

9 | 14.     Flex Tape is an adhesive tape that is designed for home repair use, and specifically,
10 | to fix leaks and seal out water.

11 | 15.     Representative images of the label of Flex Tape are set forth below.



CLASS ACTION COMPLAINT



CLASS ACTION COMPLAINT

16.     As can be seen from the above images, Swift makes the following claims on the Flex Tape label:

- "Instantly Stops Leaks!"[2]

- "Strong rubberized waterproof tape."

- "Creates a super strong, watertight, flexible seal."

- "Can be applied hot or cold, wet or dry…even underwater!

- "SEAL out water, air and moisture."

- "REPAIR virtually anything."

- "Even works underwater!"

17.     In essence, these claims convey the unequivocal message that Flex Tape is a waterproof tape that works underwater and acts effectively as a seal against water (hereinafter collectively referred to as the "Waterproof Claims").

18.     These on-label Waterproof Claims are bolstered by an aggressive marketing campaign, led by Swift's owner and CEO, Phil Swift, who many have seen on Flex Tape's popular television commercials. In these commercials, Mr. Swift doubles down on the false and deceptive Waterproof Claims.

19.     For example, in one commercial, viewed over 31 million times, Mr. Swift slaps a piece of Flex Tape over a hole in a tank and it instantly bonds to the surface, sealing out water. He also sticks a piece of Flex Tape over a hole on the inside of a tank filled with water and it instantly begins sealing out water.[3]

20.     As Mr. Swift is doing this, he claims:

Flex Tape is the super-strong waterproof tape that can instantly patch, bond, seal, and repair. Flex Tape is no ordinary tape. Its triple-thick adhesive virtually welds itself to the surface, instantly stopping the toughest leaks. Plus, Flex Tape's powerful adhesive is so strong, it even works underwater.

21.     Screenshots from this commercial are reproduced below:

_____

[2] Another version of Flex Tape says "Stop leaks fast!"

[3] https://www.youtube.com/watch?v=0xzN6FM5x_E (last accessed July 27, 2022).

1
2
3
4
5
6
7
8
9
10
11
12
13



that can instantly patch,
bond, seal, and repair.

14
15
16
17
18
19
20
21
22
23
24
25
26



it even works underwater.

27
28

22.     Toward the end of the commercial, Mr. Swift claims in pertinent part:

To show you the power of Flex Tape, I sawed the boat this boat in half and repaired it with
only Flex Tape. Not only does Flex Tape's powerful adhesive hold the boat together, but it
creates a super strong watertight seal, so the inside is completely dry.

23.     As Mr. Swift is narrating this, he is driving the motorboat reassembled with Flex
Tape, as depicted in the following screenshot:



24.     Despite the foregoing Waterproof Claims, Flex Tape does not work as advertised.
Flex Tape will not stick to the surface of a tank—either outside or inside underwater—for any
meaningful period of time. Nor would it effectively seal out all water for any meaningful period of
time. In fact, when consumers like Plaintiff attempt to use Flex Tape to seal out water, the product
only weakly bonds to the surface, and even then, it does so for a minimal period of time.

25.     In sum, Flex Tape is not a waterproof tape, does not work underwater, and does not
seal out water, as advertised. Therefore, Swift's Waterproof Claims regarding Flex Tape are false
and deceptive.

CLASS ACTION COMPLAINT

26.     The Waterproof Claims are also material. Consumers purchased, and continue to purchase, Flex Tape in part because of the Waterproof Claims. Indeed, the Waterproof Claims are what differentiate Flex Tape from many other standard tapes in the market. As a result, Flex Tape has commanded a price premium. Plaintiff and Class members would have paid significantly less for Flex Tape (i.e., they would not have paid a price premium), or would not have purchased it at all, had they known that Flex Tape does not work as advertised. Therefore, all consumers of Flex Tape have suffered injury in fact and lost money as a result of Swift's false and deceptive practices.

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this class action pursuant to Fed. R. Civ. P 23 and all other applicable laws and rules, individually, and on behalf of all members of the following Classes:

**California Class**

All persons who purchased Flex Tape in the State of California within the applicable statute of limitations period.

**California Consumer Subclass**

All persons who purchased Flex Tape in the State of California, for personal, family, or household purposes, within the applicable statute of limitations period.

28.     Excluded from the Classes are the following individuals and/or entities: Swift and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Swift has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

29.     Plaintiff reserves the right to modify or amend the definition of the proposed Classes and/or add subclasses before the Court determines whether class certification is appropriate.

30.     Plaintiff is a member of the California Class and the California Consumer Subclass.

31.     <u>Numerosity:</u> The proposed Classes are so numerous that joinder of all members would be impractical. Flex Tape is sold throughout the United States and the State of California.

The number of individuals who purchased Flex Tape during the relevant time period is at least in the thousands. Accordingly, Class members are so numerous that their individual joinder herein is impractical. While the precise number of Class members and their identities are unknown to Plaintiff at this time, these Class members are identifiable and ascertainable.

32.     <u>Common Questions Predominate:</u> There are questions of law and fact common to the proposed Classes that will drive the resolution of this action and will predominate over questions affecting only individual Class members. These questions include, but are not limited to, the following:

       a.   Whether Swift misrepresented material facts and/or failed to disclose material facts in connection with the packaging, marketing, distribution, and sale of Flex Tape;

       b.   Whether Swift's use of false or deceptive packaging and advertising constituted false or deceptive advertising;

       c.   Whether Swift engaged in unfair, unlawful and/or fraudulent business practices;

       d.   Whether Swift's unlawful conduct, as alleged herein, was intentional and knowing;

       e.   Whether Plaintiff and the Classes are entitled to damages and/or restitution, and if so, in what amount;

       f.   Whether Swift is likely to continue using false, misleading or unlawful conduct such that an injunction is necessary; and

       g.   Whether Plaintiff and the Classes are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

33.     Swift has engaged in a common course of conduct giving rise to violations of the legal rights sought to be enforced uniformly by Plaintiff on behalf of the proposed Classes. Similar or identical statutory and common law violations, business practices, and injuries are involved. The injuries sustained by members of the proposed Classes flow, in each instance, from a common nucleus of operative fact, namely, Swift's deceptive packaging and advertising of Flex Tape. Each instance of harm suffered by Plaintiff and Class members has directly resulted from a single

course of illegal conduct. Each Class member has been exposed to the same deceptive practice, as the packaging of Flex Tape: (a) bear the materially same Waterproof Claims, and (b) Flex Tape does not come close to meeting those representations of fact. Therefore, individual questions, if any, pale in comparison to the numerous common questions presented in this action.

34.     <u>Superiority</u>: Because of the relatively small damages at issue for each individual Class member, no Class member could afford to seek legal redress on an individual basis. Furthermore, individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. A class action is superior to any alternative means of prosecution.

35.     <u>Typicality</u>: The representative Plaintiff's claims are typical of those of the proposed Classes, as all members of the proposed Classes are similarly affected by Swift's uniform unlawful conduct as alleged herein.

36.     <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the proposed Classes as her interests do not conflict with the interests of the members of the proposed Classes she seeks to represent, and she has retained counsel competent and experienced in similar class action litigation. The interests of the members of the Classes will be fairly and adequately protected by the Plaintiff and her counsel.

37.     Swift has also acted, or failed to act, on grounds generally applicable to Plaintiff and the proposed Classes, supporting the imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

**FIRST CLAIM FOR RELIEF**
**Violation of California's Consumers Legal Remedies Act**
**California Civil Code § 1750,** *et seq.*
(***For the California Consumer Subclass***)

38.     Plaintiff repeats the allegations contained in paragraphs 1-37 above as if fully set forth herein.

///

///

39.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Consumer Subclass against Swift pursuant to California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*

40.     Flex Tape is a "good" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of Flex Tape by Plaintiff and members of the California Consumer Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

41.     Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have…" By marketing Flex Tape with its current packaging, Swift has represented and continues to represent that Flex Tape has characteristics and uses (i.e., works underwater and effectively seals out water) that it does not have. Therefore, Swift has violated section 1770(a)(5) of the CLRA.

42.     Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By marketing Flex Tape with its current packaging, Swift has represented and continues to represent that Flex Tape is of a particular standard (i.e., works underwater and effectively seals out water) which it does not meet. Therefore, Swift has violated section 1770(a)(7) of the CLRA.

43.     Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By marketing Flex Tape as waterproof tape that effectively seals out water, but not intending to sell Flex Tape as such, Swift has violated section 1770(a)(9) of the CLRA.

44.     At all relevant times, Swift has known or reasonably should have known that its Waterproof Claims on Flex Tape's product labels are false, and that Plaintiff and other members of the California Consumer Subclass would reasonably and justifiably rely on them when purchasing Flex Tape. Nonetheless, Swift persisted in making the Waterproof Claims on Flex Tape's labels in order to deceive consumers into believing they are buying superior tape that works underwater.

45.     Plaintiff and members of the California Consumer Subclass have justifiably relied on Swift's misleading Waterproof Claims when purchasing Flex Tape. Moreover, based on the

materiality of Swift's misleading and deceptive conduct, reliance may be presumed or inferred for Plaintiff and members of California Consumer Subclass.

46.    Plaintiff and members of the California Consumer Subclass have suffered and continue to suffer injuries caused by Swift because they would have paid significantly less for Flex Tape, or would not have purchased Flex Tape at all, had they known that the Waterproof Claims were untrue.

47.    In accordance with Cal. Civ. Code § 1780(d), Plaintiff is filing a declaration of venue, attached as Exhibit A to this Complaint.

48.    On December 23, 2021, Plaintiff, by and through her counsel, sent a notice and demand letter by certified mail to Swift of her intent to pursue claims under the CLRA, and an opportunity to cure, consistent with Cal. Civ. Code § 1782. Swift received this notice and demand letter on December 28, 2021.

49.    Because Swift has failed to fully rectify or remedy the damages caused within the statutorily required 30 days after Swift received the foregoing notice and demand letter, Plaintiff is timely filing this Complaint for damages as permitted under Cal. Civ. Code § 1782(d).

50.    Plaintiff also requests that this Court enjoin Swift from continuing to violate the CLRA as discussed herein and/or from violating the CLRA in the future. Plaintiff also requests an award of actual and punitive damages, attorneys' fees and costs, and any other relief that the Court deems proper, pursuant to Cal. Civ. Code § 1780(a).

**SECOND CLAIM FOR RELIEF**
**Violation of California's False Advertising Law**
**California Business & Professions Code § 17500, *et seq***
***(For the Classes)***

51.    Plaintiff repeats the allegations contained in paragraphs 1-37 above as if fully set forth herein.

52.    Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Swift pursuant to California's False Adverting Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*

53.    The FAL makes it "unlawful for any person to make or disseminate or cause to be

made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

54.     Swift has represented and continues to represent to the public, including Plaintiff and members of the proposed Classes, through its deceptive packaging, that Flex Tape is a waterproof tape that works underwater and effectively seals out water. Because Swift has disseminated misleading information regarding Flex Tape, and Swift knows, knew, or should have known, through the exercise of reasonable care, that the Waterproof Claims are misleading, Swift has violated the FAL.

55.     As a result of Swift's false advertising, Swift has and continues to unlawfully obtain money from Plaintiff and members of both Classes. Plaintiff therefore requests that the Court cause Swift to restore this fraudulently obtained money to them and members of the proposed Classes, to disgorge the profits Swift made on these transactions, and to enjoin Swift from violating the FAL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the proposed Classes may be irreparably harmed and/or denied an effective and complete remedy.

**THIRD CLAIM FOR RELIEF**
**Violation of California's Unfair Competition Law ("UCL"),**
**California Business & Professions Code § 17200,** *et seq.*
(***For the Classes***)

56.     Plaintiff repeats the allegations contained in paragraphs 1-37 above as if fully set forth herein.

57.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Swift.

58.     The UCL, Cal. Bus. & Prof Code § 17200, provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ."

59.    Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law. Swift's false and misleading advertising of Flex Tape was and continues to be "unlawful" because it violates the CLRA, the FAL, and other applicable laws as described herein. As a result of Swift's unlawful business acts and practices, Swift has unlawfully obtained money from Plaintiff, and members of the proposed Classes.

60.    Under the UCL, a business act or practice is "unfair" if the Swift's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims. Swift's conduct was and continues to be of no benefit to purchasers of Flex Tape, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the packaging. Deceiving consumers into believing Flex Tape is a waterproof tape that works underwater and seals out water, when it does not even come close to meeting these claims, is of no benefit to consumers. Therefore, Swift's conduct was and continues to be "unfair." As a result of Swift's unfair business acts and practices, Swift has and continues to unfairly obtain money from Plaintiff, and members of the proposed Classes.

61.    Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public. Swift's conduct was and continues to be fraudulent because it has the effect of deceiving consumers into believing Flex Tape is a waterproof tape that works underwater and effectively seals out water. Because Swift misled Plaintiff and members of both Classes, Swift's conduct was "fraudulent." As a result of Swift's fraudulent business acts and practices, Swift has and continues to fraudulently obtain money from Plaintiff and members of the proposed Classes.

62.    Plaintiff requests that the Court cause Swift to restore this unlawfully, unfairly, and fraudulently obtained money to them, and members of the proposed Classes, to disgorge the profits Swift made on these transactions, and to enjoin Swift from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the proposed Classes may be irreparably harmed and/or denied an effective and complete remedy.

**FOURTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
(*For the Classes*)

63.     Plaintiff repeats the allegations contained in paragraphs 1-37 above as if fully set forth herein.

64.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Swift.

65.     California's express warranty statute provides that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Cal. Com. Code § 2313.

66.     Swift has expressly warranted on Flex Tape's labels that it is a waterproof tape that works underwater, and effectively seals out water. However, as alleged herein, these express representations are false. These representations about Flex Tape are: (a) affirmations of fact or promises made by Swift to consumers that Flex Tape works underwater, and effectively seals out water; (b) became part of the basis of the bargain to purchase Flex Tape when Plaintiff and other consumers relied on the representations; and (c) created an express warranty that Flex Tape would conform to the affirmations of fact or promises. In the alternative, the representations about Flex Tape are descriptions of goods which were made as part of the basis of the bargain to purchase Flex Tape, and which created an express warranty that Flex Tape would conform to the product descriptions.

67.     Plaintiff and members of the Classes reasonably and justifiably relied on the foregoing express warranties, believing that Flex Tape did in fact conform to those warranties.

68.     Swift has breached the express warranties made to Plaintiff and members of the proposed Classes by failing to the produce Flex Tape in accordance with the Waterproof Claims, as expressly warranted on the packaging.

69.     Plaintiff and members of the proposed Classes paid a premium price for Flex Tape

-16-

but did not obtain the full value of Flex Tape as represented. If Plaintiff and members of the proposed Classes had known of the true nature of Flex Tape, they would not have been willing to pay the premium price associated with it. As a result, Plaintiff and members of the Classes suffered injury and deserve to recover all damages afforded under the law.

70.     Within a reasonable amount of time after Plaintiff discovered that Swift did in fact breach the express warranty, Plaintiff notified Swift of the breach.

### FIFTH CLAIM FOR RELIEF
**Intentional Misrepresentation**
***(for the Classes)***

71.     Plaintiff repeats the allegations contained in paragraphs 1-37 above as if fully set forth herein.

72.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Swift.

73.     Swift marketed Flex Tape in a manner indicating that it is waterproof tape that works underwater when it is not waterproof, cannot be used underwater, and does not act competently as a seal against water. Therefore, Swift has made misrepresentations about Flex Tape.

74.     Swift's Waterproof Claims regarding Flex Tape are material to a reasonable consumer because they relate to the quality and functionality of Flex Tape. A reasonable consumer attaches importance to such representations and is induced to act thereon in making purchasing decisions with respect to tape products.

75.     At all relevant times, Swift knew that the Waterproof Claims were misleading. Swift intends for Plaintiff and other consumers rely on these Waterproof Claims, as evidenced by Swift intentionally and conspicuously placing them on the labels of Flex Tape. This can also be seen in Swift's marketing campaign. In the alternative, Swift acted recklessly in making the Waterproof Claims without regard to the truth.

76.     Plaintiff and members of the proposed Classes have reasonably and justifiably relied on Swift's intentional misrepresentations (i.e., the Waterproof Claims) when purchasing Flex Tape, and had the correct facts been known, would not have purchased it at the prices at

-17-

1   which it was offered.

2   77.   Therefore, as a direct and proximate result of Swift's intentional

3   misrepresentations, Plaintiff and members of the Classes have suffered economic losses and other

4   general and specific damages, including but not limited to the amounts paid for Flex Tape, and

5   any interest that would have accrued on those monies, all in an amount to be proven at trial.

6
                                **SIXTH CLAIM FOR RELIEF**
                                  **Negligent Misrepresentation**
7                                     (*for the Classes*)

8   78.   Plaintiff repeats the allegations contained in paragraphs 1-37 above as if fully set

9   forth herein.

10   79.   Plaintiff brings this claim individually and on behalf of the members of the

11   proposed Classes against Swift.

12   80.   Swift marketed Flex Tape in a manner indicating that it is a waterproof tape that

13   works underwater when it does not. Therefore, Swift has made misrepresentations about Flex

14   Tape.

15   81.   Swift's misrepresentations regarding Flex Tape are material to a reasonable

16   consumer because they relate to the quality and functionality of Flex Tape. A reasonable consumer

17   attaches importance to such representations and is induced to act thereon in making purchasing

18   decisions with respect to tape products.

19   82.   At all relevant times, Swift knew or has been negligent in not knowing that Flex

20   Tape is not a waterproof tape that works underwater. Swift had no reasonable grounds for

21   believing its Waterproof Claims were not false and misleading.

22   83.   Swift intends for Plaintiff and other consumers rely on the Waterproof Claims, as

23   evidenced by Swift intentionally and conspicuously placing them on the labels of Flex Tape. This

24   can also be seen in Swift's marketing campaign. In the alternative, Swift acted recklessly or

25   negligently in making the Waterproof Claims without regard to the truth.

26   84.   Plaintiff and members of the Classes have reasonably and justifiably relied on

27   Swift's negligent misrepresentations (i.e., the Waterproof Claims) when purchasing Flex Tape,

28   and had the correct facts been known, would not have purchased it at the prices at which it was

1    offered.

2        85.    Therefore, as a direct and proximate result of Swift's negligent misrepresentations,

3    Plaintiff and members of the Classes have suffered economic losses and other general and specific

4    damages, including but not limited to the amounts paid for Flex Tape, and any interest that would

5    have accrued on those monies, all in an amount to be proven at trial.

6                              **SEVENTH CLAIM FOR RELIEF**
                          **Quasi Contract/Unjust Enrichment/Restitution**
7                                    (*for the Classes*)

8        86.    Plaintiff repeats the allegations contained in paragraphs 1-37 above as if fully set

9    forth herein.

10       87.    Plaintiff brings this claim individually and on behalf of the members of the

11   proposed Classes against Swift.

12       88.    As alleged herein, Swift has intentionally and recklessly made misleading

13   Waterproof Claims to Plaintiff and members of the Classes to induce them to purchase Flex Tape.

14   Plaintiff and members of the Classes have reasonably relied on the Waterproof Claims but they

15   have not received all of the benefits promised by Swift. Plaintiff and members of the proposed

16   Classes have therefore been induced by Swift's misleading and deceptive representations about

17   Flex Tape, and paid more money to Swift for Flex Tape than they otherwise would and/or should

18   have paid.

19       89.    Plaintiff and members of the proposed Classes have conferred a benefit upon Swift

20   as Swift has retained monies paid to them by Plaintiff and members of the proposed Classes.

21       90.    The monies received were obtained under circumstances that were at the expense of

22   Plaintiff and members of the proposed Classes—i.e., they did not receive the full value of the

23   benefit conferred upon Swift. Therefore, it is inequitable and unjust for Swift to retain the profit,

24   benefit, or compensation conferred upon it, derived from the false and deceptive Waterproof

25   Claims.

26       91.    As a direct and proximate result of Swift's unjust enrichment, Plaintiff and

27   members of the Classes are entitled to restitution, disgorgement, and/or the imposition of a

28

1  constructive trust upon all profits, benefits, and other compensation obtained by Swift from its

2  deceptive, misleading, and unlawful conduct as alleged herein.

3  **PRAYER FOR RELIEF**

4  **WHEREFORE**, Plaintiff, individually and on behalf of the proposed Classes, respectfully

5  prays for following relief:

6  A.  Certification of this case as a class action on behalf of the Classes defined above,

7  appointment of Plaintiff as Class representative, and appointment of her counsel as Class counsel;

8  B.  A declaration that Swift's actions, as described herein, violate the claims described

9  herein;

10  C.  An award of injunctive and other equitable relief as is necessary to protect the

11  interests of Plaintiff and the Classes, including, *inter alia*, an order prohibiting Swift from

12  engaging in the unlawful act described above;

13  D.  An award to Plaintiff and the proposed Classes of restitution and/or other equitable

14  relief, including, without limitation, restitutionary disgorgement of all profits and unjust

15  enrichment that Swift obtained from Plaintiff and the proposed Classes as a result of its unlawful,

16  unfair and fraudulent business practices described herein;

17  E.  An award of all economic, monetary, actual, consequential, and compensatory

18  damages caused by Swift's conduct;

19  F.  An award of punitive damages;

20  G.  An award of nominal damages;

21  H  An award to Plaintiff and her counsel of reasonable expenses and attorneys' fees;

22  I.  An award to Plaintiff and the proposed Classes of pre and post-judgment interest,

23  to the extent allowable; and

24  J.  For such further relief that the Court may deem just and proper.

25

26

27

28

-20-

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff, on behalf of herself and the proposed Classes, hereby demands a jury trial with

3  respect to all issues triable of right by jury.

4

5  DATED: July 27, 2022             **THE WAND LAW FIRM, P.C.**

6                          By: /s/ Aubry Wand_____
                              Aubry Wand

7
                          **FARUQI & FARUQI, LLP**
8                          Timothy J. Peter

9                          *Attorneys for Plaintiff and the Putative Classes*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28